*3001661*

FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

11 JUN 16 PM 2: 21

STEP... ... ..., CLERK
US. ...C... COURT
FOR THE NORTHERN DISTRICT
OF I...

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

COACH, INC. and COACH SERVICES, INC.,                :

              Plaintiffs,                :

         - against -                :

DIVA'S HOUSE OF STYLE and ELIZABETH                :
"BETH" BOND,                :
                   :

            Defendants.                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

3:11 CV 253

Case No. _____

## COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND REQUEST FOR JURY TRIAL

Plaintiffs Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to as "Plaintiffs" or "Coach"), through their undersigned counsel, and for their Complaint against Defendants Diva's House of Style and Elizabeth "Beth" Bond, allege as follows:

### Nature of the Action

1.      This is an action for trademark and trade dress infringement under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a) and (c)); copyright infringement under the United States Copyright Act (17 U.S.C. § 501, *et seq.*); trademark infringement and unfair competition under the common law of the State of Indiana; and forgery under Indiana Code § 35-43-5-2(b) as well as counterfeiting under Indiana Code § 35-43-5-2(a), pursuant to Indiana Code § 34-24-3-1.

**Jurisdiction and Venue**

2.     Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to copyrights and trademarks). This Court have supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3.     This Court has personal jurisdiction over the Defendants because they reside, do business and/or are incorporated and/or are authorized to do business in the State of Indiana, within the Northern District of Indiana.

4.     Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

**Parties**

5.     Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York. Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in Jacksonville, Florida.

6.     Upon information and belief, Defendant Diva's House of Style, is an entity organized and/or existing under the laws of the State of Indiana, with a principal place of business in the State of Indiana (specifically, within the Northern District of Indiana), located at 23066 Johnathon Court, Elkhart, Indiana 46516. Upon information and belief, Elizabeth "Beth"

2

Bond is an Indiana resident who owns Diva's House of Style and/or does business individually and/or as Diva's House of Style in the Northern District of Indiana.

## The World Famous Coach Brand and Products

7.     Plaintiffs hereby incorporate by reference, as if fully set forth herein, the preceding paragraphs, for purposes of this factual background section of the Complaint.

8.     Plaintiffs also incorporate by reference, as if fully set forth therein, the preceding paragraphs for purposes of all subsequent factual and legal sections of this Complaint.

9.     The following factual allegations are now set forth for purposes of all legal counts alleged in this Complaint, *infra*.

10.     Coach was founded more than sixty years ago as a family-run workshop in Manhattan, New York.  Since then Coach have been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, accessories including eyewear, footwear including shoes, jewelry and watches.  Coach sells its goods through its own specialty retail stores, department stores, catalogs and via an Internet website throughout the United States.

11.     Coach has used a variety of legally-protected trademarks, trade dresses, and design elements/copyrights for many years on and in connection with the advertisement and sale of its products, including those detailed in paragraphs 13 - 25 of this Complaint (together, the "Coach Marks").

12.     Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Marks.  As a result, products bearing the Coach Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired

3

strong secondary meaning.  Coach products have also become among the most popular in the world, with Coach's annual global sales currently exceeding three billion dollars.

### The Coach Trademarks

13.     Coach is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Coach Trademarks"):

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | September 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 16, 18 for *inter alia* leather goods, wallets and billfolds. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for *inter alia* eyeglasses and sunglass Cases | May 15, 2001 | COACH |
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for *inter alia* men and women's clothing. | March 9, 1999 | COACH |
| 2,836,172 | COACH | 14 for *inter alia* sporting goods and stuffed toys. | April 27, 2004 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,579,358 | COACH | 20 for *inter alia* pillows, mirrors and glassware. | June 6, 2002 | COACH |
| 2,074,972 | COACH | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | July 1, 1997 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* jewelry. | November 9, 1999 | COACH |
| 2,666,744 | COACH & LOZENGE DESIGN | 24 for *inter alia* bed linens. | December 24, 2002 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women. | June 30, 1998 | COACH |
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, attaché cases, duffel bags, picture frames, hats, caps and gloves. | March 18, 1997 | COACH |
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | COACH |
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods such as wallets, handbags and shoulder bags. | December 19, 1984 | COACH |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 | COACH |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 | COACH |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 | |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 | |
| 2,832,589 | CC & DESIGN (Signature C) | 14, 16, 18, 20, 24, 25, 4, 6, 9 for *inter alia* sunglasses and eye glass cases, leather goods, | April 13, 2004 | |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,832,740 | CC & DESIGN (Signature C) | 28 for *inter alia* stuffed animals. | April 13, 2004 | |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing. | July 9, 2002 | |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services for *inter alia* handbags, small leather goods, jewelry and watches. | March 16, 2004 | |
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24, 25 for *inter alia* handbags, purses, fabrics and clothing. | November 8, 2005 | |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 | |
| 3,696,470 | COACH OP ART & Design | 18, 24 and 25 for *inter alia* bags, umbrellas, shoes and the manufacture of these goods. | October 13, 2009 | |
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets and coats. | June 12, 2007 | |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14, 18, 25 for *inter alia* handbags, purses, shoulder bags, tote bags, and wallets. | April 15, 2008 | |
| 3,441,671 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 9, 14, 18, 25 for *inter alia* handbags, leather cases, purses, and wallets. | June 3, 2008 | |

7

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,072,459 | CL STYLIZED | 18 for *inter alia* leather goods. | March 28, 2006 | |
| 3,187,894 | CL STYLIZED | 18, 25 for *inter alia* leather goods and clothing. | December 12, 2006 | |
| 1,664,527 | THE COACH FACTORY STORE & LOZENGE DESIGN | 42 for *inter alia* retail services for leather ware. | November 12, 1991 | |
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks and shoulder bags | November 11, 2007 | |
| 3,149,330 | C & LOZENGE LOGO | 9, 14, 16, 25 for *inter alia* desk accessories, clothing and eye glasses. | September 26, 2006 | |
| 2,162,303 | COACH & TAG DESIGN | 25 for *inter alia* clothing. | June 2, 1998 | |

14.     These registrations are valid, subsisting, in full force and effect, and have become incontestable pursuant to 15 U.S.C. §1065.[1]

15.     The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified thereby and other commercial goods.

16.     The registration of the marks also provides sufficient notice to Defendants of Coach's ownership and exclusive rights in the Coach Trademarks.

---

[1] All registrations originally held in the name of Coach's predecessors, Sara Lee Corporation and Saramar Corporation, were assigned in full to Coach on or about October 2, 2000.

8

17.    The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125 (c)(1).

18.    The Coach Trademarks at issue in this action have been continuously used and have never been abandoned.

### The Coach Trade Dress

19.    Coach is the owner of a variety of unique and distinctive trade dresses consisting of a combination of one or more features, including sizes, shapes, colors, designs, fabrics, hardware, hangtags, stitching patterns and other non-functional elements comprising the overall look and feel incorporated into Coach products (the "Coach Trade Dresses").

20.    Consumers immediately identify Coach as the single source of high quality products bearing the Coach Trade Dresses.

21.    The Coach Trade Dresses associated with Coach products are independent of the functional aspects of Coach products.

22.    Coach has employed the Coach Trade Dresses associated with its products exclusively and without interruption and the Coach Trade Dresses have never been abandoned.

### The Coach Design Elements -- Copyrights

23.    Many of the decorative and artistic combinations of the design elements present on Coach products are independently protected works under the United States Copyright Laws.  These design elements are wholly original works and fixed in various tangible products and media, thereby qualifying as copyrightable subject matter under the United States Copyright Act, 17 U.S.C. Sections 101, *et seq.* (hereinafter referred to as the "Coach Design Elements").

24.    Coach has a valid copyright registered with the United States Copyright Office for its "Legacy Stripe" design, with registration number VAu000704542.

25.    Coach has a valid copyright registered with the Copyright Office for its "Signature C" design, with registration number VA0001228917.

26.    At all times relevant hereto, Coach has been the sole owner and proprietor of all rights, title, and interest in and to the copyrights in the Design Elements used on Coach products, and such copyrights are valid, subsisting and in full force and effect.

## Defendants' Acts of Infringement and Unfair Competition

27.    Upon information and belief, Defendants are and/or have been engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements (hereinafter referred to as the "Infringing Products"). Defendants' specific conduct includes, among other things:

A.    Advertising, promoting, distributing, selling, and/or offering for sale handbags bearing the Coach Trademarks, the Coach Trade Dress, and/or the Coach Design Elements, as well as other Infringing Products, from a Diva's House of Style that operates and advertises through Facebook, an e-mail address of divashouseofstyle@gmail.com and a residence located at 23066 Johnathon Court, Elkhart, Indiana 46516. For example, from February 28, 2011, through April 25, 2011, there was communication via Facebook, e-mail, cellular telephone calls and text messages regarding the purchase of Coach labeled purses, culminating in a representative of Coach purchasing from Defendants, at 23066 Johnathon Court, a handbag labeled "Coach." Upon inspection, which took place on May 4, 2011, Coach determined that Coach does not manufacture, sell or offer the handbag purchased by the representative on April 25, 2011, and furthermore the overall quality and craftsmanship of the handbag

10

does not meet Coach's high standards.  Moreover, Defendants are not authorized retailers of Coach merchandise, and the average MSRP for an authentic Coach handbag is far greater than the price paid by the representative for this handbag.  The average MSRP for an authentic Coach handbag is approximately $298.00, whereas the handbag purchased by the representative on April 25, 2011, was $50.00.

        B.     This residence also contained, on April 25, 2011, other purported Coach handbags and shoes being offered for sale.  In addition, on or about April 25, 2011, Defendant Beth Bond stated to Coach's representative that most of her inventory was not at that residential location (*i.e.*, 23066 Johnathon Court), but instead was in Fort Wayne, Indiana, where Defendant sold the merchandise on a wholesale basis.  Furthermore, on or about that date Defendant Bond also stated to the representative of Coach that her husband had told her she would get in trouble for selling this type of merchandise, and that she was nevertheless not worried about that because some of her customers' husbands were in law enforcement.  Upon information and belief, Defendants sell other infringing product beyond just products mislabeled as "Coach" products.

        C.     Otherwise designing and manufacturing, advertising, promoting, distributing, selling, and/or offering for sale the Infringing Products, including those specifically identified above, within and without the Northern District of Indiana.

        28.     Defendants are well aware of the extraordinary fame and strength of the Coach Brand, the Coach Trademark, the Coach Trade Dresses, and the Coach Design Elements, and the incalculable goodwill associated therewith.

        29.     Defendants have no license, authority, or other permission from Coach to use any of the Coach Trademarks, the Coach Trade Dresses, or the Coach Design Elements in

11

connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Infringing Products.

30.     Defendants have been engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Coach's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Coach Marks and Coach products.

31.     Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Infringing Products and Coach.

32.     Upon information and belief, Defendants intend to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Products unless otherwise restrained.

33.     Coach is suffering irreparable injury, have suffered substantial damages as a result of Defendants' activities, and has no adequate remedy at law.

## COUNT I
## (Trademark Counterfeiting, 15 U.S.C. § 1114)

34.     Coach repeats and realleges the allegations set forth in paragraphs 1-33, *supra*.

35.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Coach Trademarks.

36.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the

trade into believing that Defendants' Infringing Products are genuine or authorized products of Coach.

37.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

38.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

39.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

40.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

41.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT II
### (Trademark Infringement, 15 U.S.C. § 1114)

42.     Coach repeats and realleges the allegations set forth in paragraphs 1-41, *supra*.

43.     Defendants without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Coach Trademarks.

44.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

13

45. Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

46. Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

47. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

48. Upon information and belief, Defendants intend to continue its infringing acts, unless restrained by this Court.

49. Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT III
### (Trade Dress Infringement, 15 U.S.C. § 1125(a))

50. Coach repeats and realleges the allegations set forth in paragraphs 1-49, *supra*.

51. The Coach Trade Dresses are used in commerce, are non-functional, are inherently distinctive, and have acquired secondary meaning in the marketplace.

52. Defendants, without authorization from Coach, have designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, and/or is causing to be designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, products which contain a collection of design elements that are confusingly similar to the Coach Trade Dresses.

53. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public,

14

and the trade who recognize and associate the Coach Trade Dresses with Coach. Moreover, Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive consumers, the public, and the trade as to the source of the Infringing Products, or as to a possible affiliation, connection or association between Coach, the Defendants, and the Infringing Products.

54. Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trade Dresses and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

55. Defendants' acts constitute trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

56. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

57. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

58. Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT IV
### (False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

59. Coach repeats and realleges the allegations set forth in paragraphs 1-58, *supra*.

60. Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Products, together with Defendants' use of other indicia associated with Coach are intended, and are likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products, and are intended, and are likely to cause such parties to believe in error that the Infringing Products have

been authorized, sponsored, approved, endorsed or licensed by Coach, or that Defendants are in some way affiliated with Coach.

61.     The foregoing acts of Defendants constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

62.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

63.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

64.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT V
### (Trademark Dilution, 15 U.S.C. § 1125(c))

65.     Coach repeats and realleges the allegations set forth in paragraphs 1-64, *supra*.

66.     The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

67.     The Coach Trademarks are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

68.     Defendants' use of the Infringing Products, without authorization from Coach, are diluting the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach products.

69.     Defendants have intentionally and willfully diluted the distinctive quality of the famous Coach Trademarks in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

70.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

71.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

72.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

### COUNT VI
### (Copyright Infringement, 17 U.S.C. § 501)

73.     Coach repeats and realleges the allegations set forth in paragraphs 1-72, *supra*.

74.     Many of the Coach Design Elements contain decorative and artistic combinations that are protected under the United States Copyright Act (17 U.S.C. § 101, *et seq.*). Coach has valid registered copyrights in the Signature C design.

75.     Upon information and belief, Defendants had access to and copied the Signature C design and other Coach Design Elements present on Coach products.

76.     Defendants intentionally infringed Coach's copyrights in the Signature C design and other Design Elements present on Coach products by creating and distributing the Infringing Products, which incorporate elements substantially similar to the copyrightable matter present in the Signature C design and other Design Elements present on Coach products, without Coach's consent or authorization.

77.     Defendants have infringed Coach's copyrights in violation of 17 U.S.C. § 501, *et seq.*

78.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

79.     Upon information and belief, Defendants intend to continue its infringing acts, unless restrained by this Court.

80.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

### COUNT VII
### (Common Law Trademark Infringement)

81.     Coach repeats and realleges the allegations set forth in paragraphs 1-80, *supra.*

82.     Coach owns all rights, title, and interest in and to the Coach Trademarks, including all common law rights in such marks.

83.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Coach Trademarks.

84.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

85. Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

86. Defendants' acts constitute trademark infringement in violation of the common law of the State of Indiana.

87. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

88. Upon information and belief, Defendants intend to continue its infringing acts, unless restrained by this Court.

89. Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT VIII
### (Common Law Unfair Competition)

90. Coach repeats and realleges the allegations set forth in paragraphs 1-89, *supra*.

91. The foregoing acts of Defendants constitute unfair competition in violation of the common law of the State of Indiana.

92. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

93. Upon information and belief, Defendants intend to continue its infringing acts, unless restrained by this Court.

94. Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT IX
### (Forgery Under Ind. Code § 35-43-5-2(b))

95.     Coach repeats and realleges the allegations set forth in paragraphs 1-94.

96.     Defendants, with the intent to defraud, made and/or possessed and/or disseminated written instrument, namely the marks on the Infringing Products, in such a manner that they purported (and purport) to have been made by Coach.

97.     Coach did not give Defendants the authority to make or possess or disseminate the Infringing Products and/or the marks contained thereon or on their packaging.

98.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

99.     In addition to injunctive relief, Coach also seeks an award of actual damages, treble damages, costs and attorney's fees, pursuant to the Indiana Crime Victim's Act, Indiana Code § 34-24-3-1, for pecuniary losses resulting from Defendants' forgery even though monetary damages alone are inadequate to fully compensate Coach for Defendants' conduct.

## COUNT X
### (Counterfeiting Under Ind. Code § 35-43-5-2(a))

100.    Coach repeats and realleges the allegations set forth in paragraphs 1-99.

101.    Defendants, knowingly or intentionally made and/or disseminated written instruments, namely the marks on the Infringing Products, in such a manner that they purported (and purport) to have been made by Coach.

102.    Coach did not give Defendants the authority to make or disseminate the Infringing Products and/or the marks contained thereon or on their packaging.

103.    Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

104.   In addition to injunctive relief, Coach also seeks an award of actual damages, treble damages, costs and attorney's fees, pursuant to the Indiana Crime Victim's Act, Indiana Code § 34-24-3-1, for pecuniary losses resulting from Defendants' counterfeiting even though monetary damages alone are inadequate to fully compensate Coach for Defendants' conduct.

**WHEREFORE,** Coach respectfully requests that this Court enter judgment against Defendants as follows:

a.   Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); and Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)); (ii) Defendants have violated Section 501 of the Copyright Act of 1976 (17 U.S.C. § 501); (iii) Defendants have engaged in trademark infringement and unfair competition under the common law of Indiana; and (iv) Defendants have committed forgery and counterfeiting under Indiana's criminal statutes; and such conduct has damaged Coach monetarily and in ways not adequately remedied by monetary damages alone.

b.   Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and 17 U.S.C. § 502, preliminarily and permanently restraining and enjoining Defendants, its officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

i.   manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Trademarks, the Coach Trade Dresses, and/or the Coach Design Elements, or any other mark or design element substantially similar or confusing thereto, including, without

21

limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any of Coach's rights in the Coach Trademarks, the Coach Trade Dresses, and/or the Coach Design Elements;

      ii.    engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Coach; or

      iii.    engaging in any other activity that will cause the distinctiveness of the Coach Trademarks or Coach Trade Dresses to be diluted;

    c.    Requiring Defendants to recall from any distributors and retailers and to surrender to Coach for destruction or other disposition all remaining inventory of all Infringing Products, including all name-plates, labels, advertisements, promotional and marketing materials incorporating or reproducing the infringing Coach Marks, as well as means of making same;

    d.    Requiring Defendants to file with this Court and serve on Coach within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

    e.    Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that have been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, have been authorized by Coach, or is related in any way with Coach and/or its products;

    f.    Awarding Coach statutory damages of $2,000,000 per counterfeit mark per type of Infringing Products in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117), or alternatively ordering Defendants to account to and pay to Coach all profits realized by

their wrongful acts and also awarding Coach its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

g.      Awarding Coach statutory damages or in the alternative its actual damages suffered as a result of the copyright infringement, and any profits of Defendants not taken into account in computing the actual damages, pursuant to 17 U.S.C. § 504;

h.      Awarding Coach actual and punitive damages to which it is entitled under applicable federal and state laws;

i.      Awarding Coach its costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117) and Section 505 of the Copyright Act of 1976 (17 U.S.C. § 505);

j.      Awarding Coach pre-judgment interest on any monetary award made part of the judgment against Defendants; and

k.      Awarding Coach such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Coach requests a trial by jury in this matter on all issues triable to the jury.

Dated: June 15, 2011

_____
Alejandro Valle
GONZALEZ, SAGGIO & HARLAN, LLP.
135 N. Pennsylvania Street, Suite 1740
Indianapolis, Indiana  46204
(317) 686-9800
(317) 686-9821 (fax)
vallea@gshllp.com

Counsel for Plaintiffs